UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,

    Plaintiff,

v.                                                 Case No. 3:18cv412-RV-CJK

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). Plaintiff identifies himself as "(chief) CSI instructor to Tribal Ambassadors and Emissary Personnell." Upon review of the complaint, it is evident the facts as presented fail to support a viable claim for relief. It likewise is clear plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (noting that generally "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted).

The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's motion to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this suit.

Plaintiff has sued 11 defendants based on his arrest in 2009, asserting various claims under 42 U.S.C. § 1983. He claims that, as a result of the arrest, he "was put through a cockamamie circus, kangaroo court for some months and put on probation. . . without my consent or permission." Plaintiff's claims are barred by the applicable statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); *see Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). In Florida, the statute of limitations for personal injury actions is 4 years. *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); *see also Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011); *Ellison v. Lester*, 275 F. App'x 900, 901 (11th Cir. 2008).

Although the length of the statute of limitations is resolved by reference to state law, the accrual date of a § 1983 action is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

The events of which plaintiff complains occurred in 2009 or shortly thereafter. Plaintiff plainly was aware at that time of the injuries he now alleges. The statute of limitations thus expired long ago. "[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251

Case No. 3:18cv412-RV-CJK

F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  Here, it is evident plaintiff's claims are barred by the applicable 4-year statute of limitations.  It also is clear plaintiff cannot cure the deficiency by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is hereby ORDERED:

1.     That plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE for plaintiff's failure to state a claim upon which relief can be granted.

2.  That the Clerk be directed to close the file.

Case No. 3:18cv412-RV-CJK

At Pensacola, Florida this 18th day of September, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.** /31/18 Page 5 of 5

Case No. 3:18cv412-RV-CJK